UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | |
| ISHA MONIC PADILLA, | § § | EP-21-CV-00229-DCG |
| *Claimant*, | § § § | |
| $282,877.00, MORE OR LESS, IN UNITED STATES CURRENCY, | § § § | |
| *Defendant.* | § § | |

### MEMORANDUM ORDER

Claimant Isha Monic Padilla moves to dismiss the Government's Verified Complaint for Forfeiture (ECF No. 1) for failure to state a claim upon which relief can be granted. Mot., ECF No. 13; Reply, ECF No. 16; *see also* FED. R. CIV. P. 12(b)(6). The Government opposes Padilla's Motion. Resp., ECF No. 14. The Court DENIES Padilla's Motion.

### I.   BACKGROUND

This is an asset forfeiture action *in rem*. On September 23, 2021, the Government filed its Verified Complaint for Forfeiture of $282,877.00, more or less, in United States currency (the "Respondent Property"). Compl. The Government did not set forth factual support for its claim in the body of its Verified Complaint. *Id.* Rather, the Government provided supporting facts in an appendix to its Verified Complaint ("Appendix A"). App., ECF No. 1-1. The Government also provided a verification, labeled as "Appendix B" but attached to the Verified Complaint (before Appendix A), from Homeland Security Investigations ("HSI") Special Agent Brandon

Broussard.  Compl. Verification, ECF No. 1 at 4.  Under penalty of perjury, Special Agent Broussard verified the allegations contained in the Verified Complaint.  *Id.*

## II.   DISCUSSION

### A.  Whether the Court Can Consider Appendix A

Federal Rule of Civil Procedure 10(c) provides that "[a] copy of a *written instrument* that is an exhibit to a pleading is a part of the pleading for all purposes."  FED. R. CIV. P. 10(c) (emphasis added).  Padilla argues that Appendix A is an unsworn declaration that's not part of the Government's Verified Complaint.  Mot. at 2.  Specifically, Padilla asserts that Appendix A is not a "written instrument" under Rule 10(c) and thus the Court cannot consider it as part of the Government's pleading.  *Id.* at 2–3.  If the Court can't consider it, Padilla argues, then the Government has alleged no facts supporting its claim and the Court must dismiss its Verified Complaint.  *Id.* at 1–3.  The Government counters that Special Agent Broussard did, in fact, swear to the contents of Appendix A, that its Verified Complaint specifically incorporates Appendix A by reference, and that Appendix A is a written instrument under Rule 10(c).  Resp. at 9–12.

Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G") governs forfeiture actions *in rem*.  Rule G requires the Government to verify its complaints.  FED. R. CIV. P. SUPP. AMC R. G(2)(a).  Padilla asserts that the Government did not swear to (or verify) the facts in Appendix A, Mot. at 2, but the Court concludes otherwise.  The Government submitted a signed verification from Special Agent Broussard.  Compl. Verification.  Special Agent Broussard declared under penalty of perjury that "the allegations contained in the Verified Complaint for Forfeiture" are true and correct.  *Id.* And the Government's Verified Complaint explicitly refers the reader to Appendix A for the

relevant facts.  Compl. at 2 ("Facts in Support of Verified Complaint for Forfeiture[:] See Appendix 'A' for facts.").  Thus, when Special Agent Broussard verified the Complaint for Forfeiture, he verified the facts the Government incorporated through Appendix A.  *See* Compl. Verification ("*[T]he allegations contained in* the Verified Complaint for Forfeiture are true." (emphasis added)); *cf. In re Reichmann Petro. Corp.*, No. CC-08-96, 2009 WL 915280, at *17 (S.D. Tex. Mar. 31, 2009) (finding a portion of an exhibit is part of the affidavit).  Indeed, the only factual allegations in the Government's filing are in Appendix A, so it would be unreasonable to read Special Agent Broussard's verification of "the allegations" as anything but referring to Appendix A.[1]

That the Government verified its allegations does not resolve whether the Court can consider Appendix A as part of the Verified Complaint.  The Court must still determine whether Appendix A is a "written instrument" under Rule 10(c).  The parties characterize Appendix A as an affidavit or declaration attached as an exhibit to the Verified Complaint.  *See generally* Mot.; Resp. at 9–12; Reply.  The Court is unconvinced that this is a proper characterization,[2] but the Court will assume that the parties are correct.

---

[1] The Court also notes that Special Agent Broussard's verification is labeled "Appendix B."  *See* Compl. Verification.  That labeling suggests that the Government may have intended to place the verification after Appendix A.  While the Government included the verification at the end of its Verified Complaint, and before Appendix A, the Court views the fact that the Government labeled the verification as Appendix B as additional evidence that Special Agent Broussard verified the facts contained in Appendix A.  *See generally* ECF Nos. 1, 1-1.

[2] The Court is unconvinced that it's proper to characterize Appendix A as an exhibit affidavit or declaration because the Government explicitly cross-referenced Appendix A (or incorporated it by reference) in its Verified Complaint.  Compl. at 2.  The Government—for reasons unclear to the Court—decided to provide the factual support for its allegations in a separate document.  *See id.*  But the use of a cross-referenced, separate document does not necessarily alter the character of the document.  That is, Appendix A's label does not alter its substance.

Moreover, because Rule G requires the Government to verify its complaints in forfeiture actions *in rem*, one may think of the entire complaint an affidavit.  *Cf., e.g., Southall v. Arias*, F. App'x 674, 676 (5th Cir. 2007) (treating verified complaint "as having the force and effect of an affidavit"); *Goodman v.*

Circuit courts are split on whether courts can, at the pleading stage, consider an affidavit attached to a complaint as part of the complaint. *Compare United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (courts can consider affidavits attached to complaints so long as "they form the basis of the complaint"), *and N. Ind. Gun & Outdoor Shows, Inc. v. City of S. Bend*, 163 F.3d 449, 452–53 (7th Cir. 1998) (affidavits are a "written instrument" under Rule 10(c)), *with Rose v. Bartle*, 871 F.2d 331, 341 (3d Cir. 1989) (affidavit is not a "written instrument" under Rule 10(c)). While the Fifth Circuit has not addressed that specific question, it has considered "non-conclusory, factual portions" of an expert report attached to a complaint. *Blanchard-Daigle v. Geers*, 802 F. App'x 113, 115–16 (5th Cir. 2020) (per curiam) (unpublished); *see also Fin. Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 285–86 (5th Cir. 2006) (concluding it's inappropriate to consider expert *opinions* attached to a complaint). *Geers* and *Blackwell* strongly suggest that courts in the Fifth Circuit can consider documents attached to complaints, including affidavits, to the extent those documents set forth facts rather than opinions or legal conclusions.

Affidavits take on particular importance in the civil asset forfeiture context. As already discussed, Rule G(2)(a) requires the government to verify its complaints. FED. R. CIV. P. SUPP. AMC R. G(2)(a). A verified complaint for forfeiture *in rem* must "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." *Id.* R. G(2)(f). The import of these two rules is that courts must consider facts to which the government attests when deciding whether the government has stated a claim in its verified complaint upon which the court can grant relief.

---

*Diggs*, 986 F.3d 493, 498 (4th Cir. 2021) (treating verified complaint as affidavit for summary judgment purposes). Assuming that a verified complaint can be considered an affidavit, there would be no reason to consider whether Appendix A is a "written instrument that is an exhibit to the pleading" for purposes of Rule 10(c) because Appendix A—by the Government's cross-reference in its Complaint—would be part of the Verified Complaint (or the whole affidavit), not an exhibit to it. *See* FED. R. CIV. P. 10(c).

In fact, the Fourth Circuit relied on an affidavit in *United States v. Mondragon*, a widely accepted case in which the Fourth Circuit articulated what is now the pleading standard incorporated in Rule G(2)(f).  313 F.3d 862, 864–66 (4th Cir. 2002); *see also* Rule G Advisory Committee's Notes, *Subdivision (2)* (2006) (referencing *Mondragon*); CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3262 n.3 (3d ed.).  After reviewing "the complaint, including the incorporated affidavit," the Fourth Circuit held that the Government met the pleading standard.  *Mondragon*, 313 F.3d at 864, 866–67.  In other words, the Fourth Circuit implicitly recognized that courts may need to consider affidavits when reviewing verified complaints.

Countless district courts, and some circuit courts, have followed suit and considered affidavits; some affidavits were appendices in which the Government set forth its allegations.[3] Given the weight and volume of persuasive authority discussed above, the Court concludes that, to the extent an affidavit attached to a complaint sets forth factual allegations, the document is a "written instrument" that a court can consider under Rule 10(c).[4]  *Cf. Geers*, 802 F. App'x at 115–16; *Blackwell*, 440 F.3d at 285–86.  The Court will thus consider Appendix A.

---

[3] *E.g.*, *United States v. U.S. Currency, in Amount of $150,660.00*, 980 F.2d 1200, 1202, 1207–08 (8th Cir. 1992) (relying on facts contained in affidavit); *United States v. $4,480,466.16 in Funds Seized from Bank of Am. Acct. Ending in 2653*, No. 3:17-CV-2989-D, 2018 WL 4096340, at *3 (N.D. Tex. Aug. 28, 2018) ("[C]ourts routinely conclude—consistent with Fed. R. Civ. P. 10(c)—that facts set out within affidavits can be considered when determining the sufficiency of a forfeiture complaint.") (collecting cases); *United States v. Real Prop. Located at 18202 Girasole, San Antonio, Bexar Cnty., Tex.*, 5:16-CV-1133-DAE, 2017 WL 11207330, at *3–5 (W.D. Tex. June 1, 2017) ("[T]he Government met its burden in utilizing Appendix A to allege sufficient facts to support a reasonable belief that the property is subject to forfeiture."); *United States v. Real Prop. Located at 6250 WT Montgomery Rd., Bexar Cnty., San Antonio, Tex.*, No. SA:14-CV-584-DAE, 2018 WL 8261308, at *2 (W.D. Tex. Feb. 21, 2018) ("The underlying facts . . . may be found in Appendix B to the [verified complaint] for [f]orfeiture."); *United States v. $49,000 in U.S. Currency and/or Coin*, 194 F. Supp. 2d 576, 577 (E.D. Tex. 2001) (relying on affidavit attached to a verified complaint).

[4] Holding otherwise would constitute unhelpful formalism.  If the Court did not consider an affidavit attached to a complaint a "written instrument," a party could simply add the facts in an affidavit to its complaint and then the Court could consider those facts.

### B. Remaining Arguments

Padilla does not move to dismiss the Government's Verified Complaint on any ground other than the argument that the Verified Complaint lacks factual support because Appendix A is not a "written instrument" the Court can consider at the pleading stage.[5] The Court concludes that Padilla has not argued that the Government failed to state a claim on which relief can be granted if the Court were to consider Appendix A as part of the Verified Complaint. And if Padilla tried to make the argument, it is waived for failure to properly develop the argument. *See generally Paez v. Wal-Mart Stores Tex., LLC*, No. EP-20-CV-00321-DCG, 2022 WL 3216343, at *1–2 (W.D. Tex. Aug. 9, 2022).

### III. CONCLUSION

Padilla rests her argument entirely on the idea that the Government has alleged zero facts because Appendix A is not part of the Government's Verified Complaint. The Court concludes that Appendix A is a part of the Government's Verified Complaint. Because Padilla does not argue the facts contained in Appendix A are insufficient under the pleading standard, the Court need not address that point. The Court thus **DENIES** Claimant Isha Monic Padilla's "Motion to Dismiss" (ECF No. 13).

**So ORDERED and SIGNED this 18th day of October 2022.**

_____
DAVID C. GUADERRAMA
UNITED STATES DISTRICT JUDGE

---

[5] Padilla mentions one time, in passing, and in a conclusory manner that the Government's Verified Complaint fails to adhere to "the rules regarding how a claim for relief should be stated." Mot. at 3. Even then, it's unclear whether this refers to Padilla's Rule 10(c) argument or an argument that the Government has failed to allege facts sufficient to state a claim, even if the Court were to consider Appendix A. If anything, Padilla seems to implicitly concede that Appendix A provides sufficient factual support for the Government's claim. *See id.* ("[T]here is an abundance of information in Appendix A."); Reply at 3 ("Without Appendix A, there is no dispute that the facts alleged are insufficient to comply with the rules of pleading in forfeiture cases.").